IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSE WASHINGTON,

      Plaintiff,               No. CIV S-04-1317 MCE GGH P

      vs.

J. FANNON, et al.,

      Defendants.           FINDINGS & RECOMMENDATIONS

_____/

I. Introduction

      Question – What occurs when a prisoner submits to district court a near daily chronology of all the untoward events that seemingly continue to befall the prisoner?

      Answer – An extremely tedious Findings and Recommendations concerning administrative exhaustion.

      Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b) and 12(b)(6) filed December 1, 2004.  After carefully considering the record, the court recommends that defendants' motion be granted in part and denied in part.

\\\\\

\\\\\

1

II.  Plaintiff's Claims

This action is proceeding on the original complaint against defendants Fannon, Kissinger, Hibbit, Braida, Husky, DeForest, Jackson, Lynn, Turner, Ratliff, Epperson, Wright and Wagner.

Plaintiff alleges that on June 30, 2003, defendant Kissinger used excessive force as he removed plaintiff from his cell.  Plaintiff alleges that defendant violently pulled plaintiff through the partially opened cell door, hitting plaintiff's lower right back and hip areas against the steel door.

On July 1, 2003, plaintiff was transferred to a new cell.  Upon his arrival, defendant DeForest confiscated plaintiff's medically prescribed orthotic inserts and tennis shoes even after plaintiff showed him his authorizing chrono.  Plaintiff immediately summoned the supervising officer in charge, defendant Lynn, and asked him to permit plaintiff to possess the inserts and shoes.  Defendant Lynn refused to help.

On July 15, 2003, defendant Braida forced plaintiff to go face down on the dayroom floor.  Defendant Braida then kneeled on plaintiff's lower back and began twisting plaintiff's arms.  Defendants Lynn and Wright were present but did not intervene.  When defendant Wright escorted plaintiff back to his cell, he continued to twist plaintiff's arms, causing plaintiff to suffer pain.

On August 25, 2003, during a search of plaintiff's cell, defendants Jackson and DeForest confiscated plaintiff's prescribed pain medication.  When plaintiff was returned to his cell after the search, defendants Kissinger, Hibbit and Jackson used excessive force against plaintiff.

On October 11, 2003, defendant Fannon conducted a retaliatory cell search of plaintiff's cell.  Defendant Fannon confiscated plaintiff's orthotic inserts.

On November 6, 2003, defendants Fannon and Husky failed to provide those inmates participating in Ramadhan, including plaintiff, with their entire meal.  Defendant Fannon

1  continued to provide incomplete Ramadhan meals.  On November 10, 2003, defendant DeForest

2  denied plaintiff's request to be moved to a different housing unit or have other officers deliver

3  the Ramadhan meals.

4          On November 23, 2003, defendant DeForest interviewed plaintiff regarding his

5  second administrative appeal filed regarding the incomplete Ramadhan meals.  Defendant

6  DeForest denied plaintiff's requests.  Because of the incomplete meals, plaintiff was forced to

7  discontinue the obligatory Ramadhan fast.

8          On January 6, 2004, defendant Wagner interviewed plaintiff regarding his

9  administrative appeal concerning defendant Braida's excessive use of force on July 15, 2003.

10  Plaintiff refused defendant Wagner's request to withdraw the appeal.  Plaintiff also showed

11  defendant Wagner his medical chronos for the orthotic inserts.  Defendant Wagner refused to

12  help plaintiff obtain the inserts.

13          On January 14, 2004, defendant Fannon refused to give plaintiff his evening meal

14  food tray.  As a result, plaintiff was unable to take his medication.

15          On January 20, 2004, defendant Fannon escorted plaintiff to the shower.  Plaintiff

16  asked defendant Fannon to summon the unit officer in charge because defendant Fannon had

17  applied the mechanical restraints too tightly on plaintiff's wrists.  Defendant Fannon refused to

18  summon the unit officer and took plaintiff back to his cell.  Defendant Fannon then falsely

19  accused plaintiff of assaulting him, i.e. spitting on him.  Plaintiff was found guilty of the offense

20  and sentenced to a 16 month SHU term.

21          After defendant Fannon falsely charged plaintiff, defendant Ratliff put plaintiff in

22  mechanical restraints and held him in the holding cage for three hours.  Defendants Ratliff and

23  Epperson then put plaintiff in a spit mask and moved him to a new building.  During the move,

24  plaintiff was forced to walk 200 yards in cold weather dressed only in boxer shorts.  At the new

25  building, defendants Ratliff and Epperson refused to retrieve plaintiff's pain medication and

26  prescribed cotton blanket from his old cell.  These defendants also confiscated plaintiff's

1    orthotics and tennis shoes.

2             On January 22, 2004, plaintiff asked defendant Turner to review his medical

3    chrono authorizing his possession of the orthotics and shoes.  Plaintiff also told defendant Turner

4    that he had been without his prescribed cotton blanket and pain medication.  Defendant Turner

5    ignored plaintiff's request for assistance.

6             On January 28, 2004, defendants Wagner and Turner interviewed plaintiff

7    regarding his inability to obtain his prescribed orthotics, shoes, blanket and pain medication.

8    Defendants Turner and Wagner ignored plaintiff's request for assistance.

9    III.  Failure to Exhaust Administrative Remedies

10            42 U.S.C. § 1997e(a) provides that, "[n]o action shall be brought with respect to

11   prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in

12   any jail, prison, or other correctional facility until such administrative remedies as are available

13   are exhausted."  In order for California prisoners to exhaust administrative remedies, they must

14   proceed through several levels of appeal:  1) informal resolution, 2) formal written appeal on a

15   CDC 602 inmate appeal form, 3) second level appeal to the institution head or designee, and

16   4) third level appeal to the Director of the California Department of Corrections.  Barry v.

17   Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5).  A

18   final decision from the Director's level of review satisfies the exhaustion requirement.  Id. at

19   1237-38.

20            In Booth v. Churner, 121 S. Ct. 1819 (2001) the Supreme Court held that inmates

21   must exhaust administrative remedies, regardless of the relief offered through administrative

22   procedures.  121 S. Ct. at 1825.  Therefore, inmates seeking money damages must completely

23   exhaust their administrative remedies.  42 U.S.C. § 1997e(a) provides that no action shall be

24   brought with respect to prison conditions *until* such administrative remedies as are available are

25   exhausted.  McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).

26   \\\\\

4

1    In the motion to dismiss, defendants argue that plaintiff has only exhausted his

2    claim that on August 25, 2003, defendants Kissinger, Hibbit and Jackson used excessive force.

3    See Grannis Declaration filed December 1, 2004, exhibit A.  Defendants state that plaintiff

4    completed two other appeals to the Director's Level, appeal nos. 03-1698 and 04-0025, but they

5    did not raise the other claims raised in this action.  Id., Exhibits B, C.

6    In appeal no. 03-1698 plaintiff initially complained that he was experiencing

7    chronic pain in his lower back, spinal stenosis and constant pain in his hips and knees.  Id.,

8    Exhibit B.  He complained that he had difficulty walking, standing and sitting for short periods of

9    time.  He also complained that he had been subjected to physical assaults and continued

10   harassment by prison officials because he did not have chronos verifying his medical problems.

11   As relief, plaintiff requested a re-examination, updated chronos for a lower tier/lower bunk, and

12   possession of his orthopedic shoes and custom orthotic inserts which had been in the property

13   room since February 27, 2002.

14   Appeal no. 03-1698 mentioned two of the issues raised in the instant action:

15   excessive force and denial of orthopedic shoes and orthotic inserts.  Although this appeal

16   generally claimed that plaintiff had been assaulted and harassed, it did not describe any specific

17   instance of assault or harassment.  Nor did this appeal identify any particular prison official who

18   assaulted or harassed plaintiff.  The purpose of administrative exhaustion is to give prison

19   officials time and opportunity to address complaints internally before allowing the initiation of a

20   federal case.  Porter v. Nussle, 534 U.S. 516, 524-525, 122 S. Ct. 983, 988 (2002).  Prison

21   officials do not have an opportunity to address complaints of excessive force if a prisoner does

22   not describe the incident or identify to the best of his ability those who assaulted him.  For that

23   reason, the court finds that appeal no. 03-1698 did not exhaust any of plaintiff's excessive force

24   claims.

25   In appeal no. 03-1698 plaintiff requested that he be permitted to possess his

26   orthopedic shoes and custom orthotic inserts which had been in the property room since February

5

27, 2002.  Id.  After the denial of the appeal at the first level, plaintiff elaborated that he had been in administrative segregation (ad seg) for 18 months and had not received his orthotic inserts and orthopedic shoes stored in the receiving and release room.  Id..

The complaint contains the following specific allegations regarding the orthotic inserts and orthopedic shoes: 1) on July 1, 2003, defendant DeForest confiscated his orthotic inserts and orthopedic shoes; 2) on October 11, 2003, defendant Fannon confiscated plaintiff's orthotic inserts; 3) on January 6, 2004, defendant Wagner refused to honor plaintiff's chrono authorizing him to have orthotic inserts; 4) defendants Ratliff and Epperson confiscated plaintiff's orthotic inserts and shoes; 5) on January 22, 2004, defendant Turner refused to honor plaintiff's chrono authorizing him to possess the orthotic inserts and orthopedic shoes; 6) on January 28, 2004, defendants Wagner and Turner also denied plaintiff's request for possession of his orthotic inserts and orthopedic shoes.

The claims in the complaint regarding the orthotic inserts and orthopedic shoes are different from the claim regarding the inserts and shoes contained in the administrative appeal.  In the appeal, plaintiff complained that his shoes and inserts were being held in receiving and release following his placement in ad seg.  In contrast, the complaint alleges that particular prison officials confiscated the orthopedic shoes and orthotic inserts and that particular prison officials denied his request to get them back.  The complaint does not allege that plaintiff's shoes were held in receiving and release following his placement in ad seg.  Appeal no. 03-1698 did not exhaust plaintiff's claims regarding the shoes and inserts because it raised different issues than those raised in the complaint.

In administrative appeal 04-0025 plaintiff complained that the prison had a policy of not permitting inmates in ad seg to wear orthopedic shoes.  Id., Exhibit C.  In this appeal, plaintiff did not identify any particular prison official who would not let him wear his orthopedic shoes.  In the instant action, plaintiff does not claim that he was not permitted to possess his orthotic inserts and shoes pursuant to a policy.  Rather, he alleges that on 3 particular occasions

1  defendants confiscated his inserts and shoes and on 3 particular occasions defendants refused to

2  help him get the shoes and inserts or honor the chrono authorizing him to possess them.  The

3  complaint suggests that confiscation of the shoes and inserts was arbitrary rather than pursuant to

4  a policy.  Appeal no. 04-0025 did not exhaust plaintiff's claims regarding the shoes and inserts

5  because it raised different issues than those raised in the complaint.

6         On January 3, 2005, plaintiff filed an opposition as well as exhibits in support.

7  On January 5, 2005, plaintiff filed a supplemental declaration in support of his opposition.  In his

8  supplemental declaration, plaintiff states that on June 30, 2003, he filed a 602 (first level

9  informal appeal) regarding the June 30, 2003, incident involving defendant Kissinger.  Supp.

10  Decl., ¶ 12.  Plaintiff contends that defendants Wagner and Jackson, the appeals coordinators,

11  failed to process this appeal.  Id.  The first exhibit attached to plaintiff's second package of

12  exhibits is a 602 signed by plaintiff regarding the June 30, 2003, incident.  This appeal contains

13  no notation indicating that it was processed at any level.  As far as the court can tell, none of the

14  other exhibits submitted by plaintiff concern this particular appeal.

15         When prison officials fail to respond to an administrative grievance, the prisoner

16  has exhausted his administrative remedies.  See Underwood v. Wilson, 151 F.3d 292 (5th Cir.

17  1998) (when a prisoner has undertaken all possible appeals but the prison authorities fail to

18  respond within the required time period, the prisoner has exhausted administrative remedies); see

19  also Foulk v. Charrier, 262 F.3d 687 (8th Cir. 2001) (remedies were not "available" to a prisoner

20  when the warden did not respond to the inmate's grievance during the time period required by

21  regulations).  Because plaintiff claims that prison officials failed to process his appeal, and

22  because defendants, who have the burden, have not factually opposed the declared assertion, the

23  court finds that this claim is exhausted.

24         In his supplemental opposition, plaintiff alleges that the appeals office did not

25  respond to his appeal regarding defendant DeForest's July 1, 2003, confiscation of his orthotics

26  and defendant Lynn's failure to intervene.  Supp. Decl., ¶.  Because plaintiff contends that prison

1  officials failed to respond to this appeal, and because defendants, who have the burden, have not

2  factually opposed the declared assertion, the court finds that these claims are exhausted.

3  Underwood v. Wilson, supra; Foulk v. Charrier, supra.

4      In his supplemental declaration, plaintiff contends that he filed a 602 regarding the

5  July 15, 2003, incident involving defendants Braida, Wright and Lynn, but the Institution

6  Appeals Coordinator's Office failed to process the appeal.  Supp. Decl., ¶ 16.  This claim

7  conflicts with another claim raised in the complaint: that on January 6, 2004, defendant Wagner

8  denied plaintiff's appeal regarding defendant Briada's use of excessive force.  Because plaintiff

9  has made conflicting allegations regarding this appeal, the court finds that he has not

10  demonstrated exhaustion.  Accordingly, defendants' motion to dismiss should be granted as to

11  this claim.

12      In his supplemental declaration, plaintiff alleges that he filed a 602 regarding the

13  August 25, 2003, confiscation of his pain medication and excessive force.  Supp. Decl., ¶ 18.  As

14  stated above, defendants concede that plaintiff's claim alleging excessive force on August 25,

15  2003, is exhausted.  Plaintiff contends that this appeal was exhausted at the Director's Level,

16  citing Exhibit 14 submitted in support of his opposition.  Id.  Exhibit 14 is a Director Level

17  Appeal denying appeal no. 03-1850.  In this appeal, plaintiff complained that on August 25,

18  2003, defendants improperly confiscated a mattress during a cell search and then used excessive

19  force when returning plaintiff to his cell.  Because this appeal does not mention a confiscation of

20  pain medication, the court finds that this claim is not exhausted.

21      In his supplemental declaration, plaintiff alleges that he filed a 602 regarding

22  defendant Fannon's October 11, 2003, confiscation of his orthotic inserts.  Supp. Decl., ¶ 20.  In

23  support of this claim, plaintiff refers to exhibits 15 and 16 submitted in support of his opposition.

24  Exhibit 16 contains an appeal regarding an unrelated matter.

25      Exhibit 15 includes a first level appeal response to appeal no. 03-2481 addressing

26  plaintiff's complaint regarding the October 11, 2003, incident.  The response dated December 16,

1   2003, states that the appeal was cancelled because plaintiff became belligerent with Sergeant

2   Smith who attempted to interview plaintiff.

3           Also attached to exhibit 15 is a 602 filed by plaintiff on November 11, 2004,

4   appealing the cancellation of the appeal based on plaintiff's conduct during the interview with

5   Sergeant Smith.  A notation in the right hand bottom corner of this appeal indicates that it was

6   denied as duplicative of the original appeal.

7           "The PLRA requires prisoners to exhaust all *available* remedies before filing a §

8   1983 claim in federal court."  Ngo v. Woodford, No. 03-16042, 2005 WL 674707 (9th Cir.

9   March 24, 2005) (italics in original).  In Ngo, the Ninth Circuit held that an inmate whose appeal

10  is denied as untimely must still appeal all denials of his claim completely through the prison's

11  administrative process to satisfy the PLRA's requirement.  Id. * 8.

12          Although plaintiff's appeal was cancelled based on his lack of cooperation,

13  plaintiff could still have appealed this cancellation to the next level.  Because plaintiff still had

14  remedies available, the court finds that the claim regarding the October 11, 2003, incident is not

15  exhausted.  Ngo, supra.

16          In his supplemental declaration, plaintiff does not claim that he filed an

17  administrative appeal regarding the failure of defendants Fannon and Husky to provide him with

18  his entire Ramadhan meal on November 6, 2003.  Suppl. Decl., ¶ 22.  While plaintiff claims he

19  wrote a letter to the Warden regarding this matter, this does not constitute administrative

20  exhaustion.  Accordingly, the court finds that plaintiff has not exhausted administrative remedies

21  as to this claim.

22          In his supplemental declaration, plaintiff states that he submitted his appeal to

23  defendant DeForest regarding defendant DeForest's disregard for plaintiff's Ramadhan

24  participation.  Supp. Decl., ¶ 23.  Plaintiff contends that defendant DeForest did not respond to

25  this appeal.  Id.  Because plaintiff claims that prison officials failed to respond to this appeal, and

26  because defendants, who have the burden, have not factually opposed the declared assertion, the

1  court finds that this claim is exhausted.  <u>Underwood v. Wilson</u>, <u>supra</u>; <u>Foulk v. Charrier</u>, <u>supra</u>.

2          In his supplemental declaration, plaintiff does not address his claim that defendant
3  Wagner denied his appeal regarding defendant Briada's excessive force.  Accordingly, the court
4  finds that this claim is not exhausted.

5          In his supplemental declaration, plaintiff states that he submitted an appeal
6  regarding defendant Wagner's January 6, 2004, refusal to help him obtain his orthotic inserts.
7  Supp. Dec., ¶ 24.  Plaintiff contends that this appeal was not "appropriately addressed."  <u>Id.</u>
8  Plaintiff does not allege that prison officials refused to process this appeal.  Accordingly, because
9  there is no evidence of an appeal to the Third Level, the court finds that this claim is not
10  exhausted.

11          In his supplemental declaration, plaintiff contends that he filed a 602 regarding
12  defendant Fannon's refusal to give him his evening meal on January 14, 2004.  <u>Id.</u>, ¶ 25.
13  Plaintiff contends that he did not receive an "appropriate response" to this appeal.  <u>Id.</u>  Plaintiff
14  does not allege that prison officials refused to process this appeal.  Accordingly, because there is
15  no evidence of an appeal to the Third Level, the court finds that this claim is not exhausted.

16          In his supplemental declaration, plaintiff does not contend that he exhausted his
17  administrative remedies as to his claim that on January 20,2004, defendant Fannon used
18  excessive force and falsely accused plaintiff of assaulting him.  <u>Id.</u>, ¶ 26.  Accordingly, the court
19  finds that this claim is not exhausted.

20          In his supplemental declaration, plaintiff states that he filed a 602 regarding his
21  claims against defendants Ratliff and Epperson on January 20, 2004.  <u>Id.</u>, ¶ 29.  Plaintiff contends
22  that the institution appeals coordinator's office and warden denied plaintiff's appeal by not
23  responding to them.  <u>Id.</u>  Because plaintiff claims that prison officials failed to respond to this
24  appeal, and because defendants, who have the burden, have not factually opposed the declared
25  assertion, the court finds that this claim is exhausted.  <u>Underwood v. Wilson</u>, <u>supra</u>; <u>Foulk v.</u>
26  <u>Charrier</u>, <u>supra</u>.

1          In his supplemental declaration, plaintiff states that he filed an administrative

2   appeal regarding defendant Turner's January 22, 2004, denial of his request for orthotics and

3   shoes.  Supp. Decl., ¶ 30.  Plaintiff contends that this appeal was not "appropriately responded

4   to."  Id.  Plaintiff does not claim that prison officials refused to respond to this appeal.  Without

5   knowing the actual outcome of this "inappropriately addressed" appeal, the court cannot

6   determine whether plaintiff has exhausted administrative remedies.  Accordingly, the court finds

7   that this claim is not exhausted.

8          In his supplemental declaration, plaintiff contends that he filed a 602 regarding the

9   January 28, 2004, denial of his request for orthotics, etc., by defendants Wagner and Turner.  Id.,

10  ¶ 32.  Plaintiff alleges that his appeals were not appropriately addressed by the appeals

11  coordinator's office and warden.  Id.  Plaintiff does not claim that prison officials refused to

12  process these appeals, and has not produced evidence of an appeal to the Third Level.

13  Accordingly, the court finds that this claim is not exhausted.

14         The court also observes that plaintiff submitted a voluminous number of exhibits

15  in support of his opposition.  Several of these exhibits are administrative appeals concerning

16  issues not raised in this action.  Plaintiff has also submitted documents regarding his claims filed

17  with the California Board of Control which are also not relevant to the pending motion.  In

18  addition, plaintiff has submitted several memorandums from prison officials denying appeals on

19  procedural grounds.  The court cannot tell whether these documents are relevant to the pending

20  motion as they are not linked to any particular appeal.  Plaintiff has also submitted several

21  memorandums indicating that he sought to circumvent the exhaustion process by filing letters

22  with the Warden rather than following the administrative appeal procedure.  The court has

23  reviewed these records and finds that they do not demonstrate exhaustion of any of the claims

24  discussed above.

25         In conclusion, the court finds that the following claims are not exhausted: 1)

26  defendant Briada used excessive force on July 15, 2003, and defendants Wright and Lynn failed

1  to intervene; 2) on August 25, 2003, defendants confiscated plaintiff's pain medication; 3) on

2  October 11, 2003, defendant Fannon confiscated plaintiff's orthotic inserts and conducted a

3  retaliatory cell search; 4) defendants Fannon and Husky failed to provide plaintiff with his entire

4  Ramadhan meal on November 6, 2003; 5) on January 6, 2004, defendant Wagner refused to

5  assist plaintiff in obtaining his orthotic inserts; 6) on January 6, 2004, defendant Wagner denied

6  plaintiff's appeal regarding defendant Briada's excessive force; 7) on January 14, 2004,

7  defendant Fannon refused to provide plaintiff with his evening meal; 8) on January 20, 2004,

8  defendant Fannon used excessive force; 9) on January 22, 2004, defendant Turner denied

9  plaintiff's request for orthotics and shoes; 10) on January 28, 2004, defendants Wagner and

10  Turner denied plaintiff's request for orthotics.

11           The court that finds that the following claims are exhausted: 1) defendant

12  Kissinger used excessive force on June 30, 2003; 2) on July 1, 2003, defendant DeForest

13  confiscated plaintiff's orthotics inserts and shoes; defendant Lynn refused to help in retrieving

14  these items; 3) defendant DeForest denied plaintiff's request for accommodations so that he

15  could participate in Ramadhan; 4) on January 20, 2004, defendants Ratliff and Epperson violated

16  plaintiff's constitutional rights.

17  IV.  Failure to State a Claim

18                    *Legal Standard*

19           A complaint should not be dismissed under Rule 12(b)(6) unless it appears

20  beyond doubt that plaintiff cannot prove any set of facts consistent with his allegations which

21  would entitle him to relief.  NOW, Inc. v. Schiedler, 510 U.S. 249, 256, 114 S. Ct. 798, 803

22  (1994); Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984), citing Conley

23  v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101 (1957), Cervantes v. City of San Diego, 5 F.3d

24  1273, 1274-75 (9th Cir. 1993).  Dismissal of the complaint, or any claim within it, "can be based

25  on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a

26  cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990);

1   see also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

2         In considering a motion to dismiss, the court must accept as true the allegations of

3   the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.

4   Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the

5   motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421,

6   89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969).  The court will "'presume

7   that general allegations embrace those specific facts that are necessary to support the claim.'"

8   NOW, 510 U.S. at 256, 114 S. Ct. at 803, quoting Lujan v. Defenders of Wildlife, 504 U.S. 555,

9   561, 112 S. Ct. 2130, 2137 (1992).  Moreover, pro se pleadings are held to a less stringent

10  standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596

11  (1972).

12        The court may consider facts established by exhibits attached to the complaint.

13  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also

14  consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d

15  1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other

16  papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir.

17  1986).  The court need not accept legal conclusions "cast in the form of factual allegations."

18  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

19        A pro se litigant is entitled to notice of the deficiencies in the complaint and an

20  opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See

21  Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

22      *Analysis*

23        The court has found unexhausted three of the four claims that defendants move to

24  dismiss for failing to state a claim: 1) defendant Fannon conducted a retaliatory cell search; 2)

25  defendant Wagner improperly denied plaintiff's appeal; and 3) defendant Fannon failed to

26  provide plaintiff with his evening meal.  Accordingly, the court will not address whether these

1    claims are colorable.

2          Defendants argue that the claims against defendants Ratliff and Epperson are not

3    colorable.  As discussed above, plaintiff alleges that after defendant Fannon falsely charged

4    plaintiff on January 20, 2004, defendant Ratliff put plaintiff in mechanical restraints and held

5    him in the holding cage for three hours.  Defendants Ratliff and Epperson then put plaintiff in a

6    spit mask and moved him to a new building.  During the move, plaintiff was forced to walk 200

7    yards in cold weather dressed only in boxer shorts.  At the new building, defendants Ratliff and

8    Epperson refused to retrieve plaintiff's pain medication and prescribed cotton blanket from his

9    old cell.  These defendants also confiscated plaintiff's orthotics and tennis shoes.

10          Defendants argue that plaintiff's allegations do not state Eighth Amendment

11   claims because his injuries are de minimis.  In their argument, defendants cite 42 U.S.C. §

12   1997e(e) which requires a showing of physical injury in order to state a claim pursuant to 42

13   U.S.C. § 1983, and cases discussing § 1997e(e).  Accordingly, the court finds that defendants are

14   moving to dismiss on grounds that plaintiff has failed to allege a physical injury as required by 42

15   U.S.C. § 1997e(e).

16          In Oliver v. Kelly, 289 F.3d 623, 627 (9th Cir. 2002), the Ninth Circuit held that

17   42 U.S.C. § 1997e(e) requires a prior showing of physical injury that need not be significant but

18   must be more than de minimis.  In their motion, citing Hudson v. McMillan, 501 U.S. 1 (1992),

19   defendants appear to urge the court to adopt the approach taken by the Fifth Circuit in Siglar v.

20   Hightower, 112 F.3d 191 (5th Cir. 1997), which imported the standard used for Eighth

21   Amendment excessive force claims in examining whether a prisoner had demonstrated adequate

22   physical injury under § 1997e(e).  In Oliver v. Kelly, the Ninth Circuit explicitly rejected this

23   approach.  289 F.3d at 628-929.  Defendants also cite Luong v. Hatt, 979 F. Supp. 481 (N.D.Tex.

24   1997) in support of their argument that plaintiff has not pled adequate physical injury.  In Oliver

25   v. Kelly, the Ninth Circuit also rejected the approach taken by the District Court in Luong in

26   evaluating physical injury under § 1997e(e).  289 F.3d at 628.

1   The court now considers whether plaintiff's claims against defendants Epperson

2   and Ratliff allege adequate physical injury.  Plaintiff's opposition does not address this argument.

3   In the complaint, plaintiff first alleges that defendants placed him in mechanical restraints and

4   held him in a holding cage for three hours during which time he wore only boxer shorts.  Plaintiff

5   does not allege any injury as a result of this conduct.  Accordingly, the motion to dismiss this

6   claim should be granted.

7   Plaintiff next alleges that defendants required him to walk 200 yards in cold

8   weather during which time he wore only boxer shorts.  While plaintiff apparently felt cold during

9   this brief time, the court finds that any injury he suffered was de minimis.  Accordingly, the

10   motion to dismiss this claim should be granted.

11   Plaintiff next alleges that defendants refused to retrieve his pain medication,

12   prescribed cotton blanket, orthotic inserts and tennis shoes.  In the complaint, plaintiff alleges

13   that he did not receive these items until February 3, 2004.  Complaint, ¶ 53.  Therefore, plaintiff

14   was without these items for 15 days.  Although plaintiff does not specifically describe the injury

15   he suffered, the court observes that these items were medically prescribed.  The court cannot find

16   at this time that the injury suffered by plaintiff as a result of not having these items was de

17   minimis.  Accordingly, the motion to dismiss these claims should be denied.

18   IV.  Conclusion

19   Based on the discussion above, the court finds that defendants should file an

20   answer addressing the following claims: 1) defendant Kissinger used excessive force on June 30,

21   2003; 2) on July 1, 2003, defendant DeForest confiscated plaintiff's orthotics inserts and shoes;

22   defendant Lynn refused to help in retrieving these items; 3) defendant DeForest denied plaintiff's

23   request for accommodations so that he could participate in Ramadhan; 4) on January 20, 2004,

24   defendants Ratliff and Epperson confiscated his pain medication, prescribed blanket, inserts and

25   shoes; and 5) August 25, 2003, defendants Kissinger, Hibbit and Jackson used excessive force.

26   \\\\\

1    Accordingly, IT IS HEREBY RECOMMENDED that:

2    1.  Defendants' December 1, 2004, motion to dismiss for failure to exhaust

3    administrative remedies be denied as to the following claims: 1) defendant Kissinger used

4    excessive force on June 30, 2003; 2) on July 1, 2003, defendant DeForest confiscated plaintiff's

5    orthotics inserts and shoes; defendant Lynn refused to help in retrieving these items; 3) defendant

6    DeForest denied plaintiff's request for accommodations so that he could participate in

7    Ramadhan; 4) all claims against defendants Ratliff and Epperson regarding the events of January

8    20, 2004; defendants' motion to dismiss for failure to exhaust administrative remedies be granted

9    in all other respects;

10    2.  Defendants' December 1, 2004, motion to dismiss for failure to allege a

11    physical injury pursuant to 42 U.S.C. § 1997e(e) be denied as to plaintiff's claims that defendants

12    Ratliff and Epperson refused to retrieve his pain medication, prescribed cotton blanket, orthotic

13    inserts and tennis shoes; the motion to dismiss for failure to allege a physical injury should be

14    granted as to the remaining claims against defendants Ratliff and Epperson.

15    These findings and recommendations are submitted to the United States District

16    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

17    days after being served with these findings and recommendations, any party may file written

18    objections with the court and serve a copy on all parties.  Such a document should be captioned

19    "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

20    shall be served and filed within ten days after service of the objections.  The parties are advised

21    that failure to file objections within the specified time may waive the right to appeal the District

22    Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23    DATED:  4/26/05

24                                                         /s/ Gregory G. Hollows

25                                                  _____
                                                    GREGORY G. HOLLOWS
                                                    UNITED STATES MAGISTRATE JUDGE

26    ggh:kj
      wash1317.mtd