IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSE WASHINGTON,

        Plaintiff,                      No. CIV S-04-1317 MCE GGH P

      vs.

J. FANNON, et al.,

        Defendants.            FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for injunctive relief filed August 4, 2005. For the following reasons, this motion is denied.

        Plaintiff is presently incarcerated at California State Prison-Corcoran. The motion for injunctive relief is addressed to prison officials at Corcoran. However, no defendants are located at Corcoran. Plaintiff seeks injunctive relief against individuals who are not named as defendants in this action. This court is unable to issue an order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).

/////

/////

1

The fact one is not a party does not automatically preclude the court from acting. The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law." See generally S.E.C. v. G.C. George Securities, Inc., 637 F.2d 685 (9th Cir. 1981); United States v. New York Telephone Co., 434 U.S. 159 (1977). This section does not grant the court plenary power to act in any way it wishes; rather, the All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Company v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979).

Plaintiff seeks an order directing prison officials at Corcoran to provide him with immediate access to his electric typewriter. Plaintiff alleges that due to severe chronic arthritis, he is unable to hand write with a pen for longer than five minutes. He alleges that on July 14, 2005, Dr. Johnson referred plaintiff to the medical department for x-rays and blood tests to confirm this condition.

Because prison officials are in the process of confirming plaintiff's medical condition, a court order directing them to provide plaintiff with access to his typewriter is not warranted. Should prison officials determine that plaintiff suffers from a condition which prohibits him from hand writing and continue to deny him access to his typewriter, plaintiff may re-file his motion.

Plaintiff also seeks an order directing prison officials at Corcoran to provide him with weekly access to his legal documents, books and legal supplies. After reviewing the exhibits attached to plaintiff's motion, it appears that some of his legal property is in storage as it exceeds the amount inmates are permitted to have in their cells. Plaintiff does not specifically describe the amount of access he is permitted to his stored legal property. Nor has plaintiff described the legal property related to the instant action in storage that he has been denied access to. Because plaintiff has not specifically pled that his ability to litigate this action has been hampered due to inadequate access to his legal property, invocation of the All Writs Act is

inappropriate as to this claim.

      Plaintiff next requests that prison officials at Corcoran be ordered to house him in a single cell. Plaintiff contends that because he is mobility impaired, he is likely to be seriously injured by other inmates if he is double celled. Plaintiff does not contend that his present cellmate is dangerous. Therefore, plaintiff's allegation of injury is speculative. Under these circumstances, invocation of the All Writs Act is inappropriate as to this claim.

      Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for a preliminary injunction filed August 4, 2005, be denied.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:   9/13/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS  
UNITED STATES MAGISTRATE JUDGE

ggh:kj  
wash1317.tro

3