IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSE WASHINGTON,

      Plaintiff,                    No. CIV S-04-1317 MCE GGH P

   vs.

J. FANNON, et al.,

      Defendant.              ORDER

_____/

       Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's motion to compel filed April 24, 2006, and supplemental motion to compel filed May 1, 2006.

       This action is proceeding on the original complaint as to the following claims: 1) on August 25, 2003, defendants Kissinger, Hibbit and Jackson used excessive force; 2) on June 30, 2003, defendant Hibbit used excessive force; 3) on July 1, 2003, defendant DeForest confiscated plaintiff's orthotic inserts and shoes; defendant Lynn refused to help in retrieving these items; 4) defendant DeForest denied plaintiff's request for accommodations so that plaintiff could participate in Ramadhan; 5) on January 20, 2004, defendants Ratliff and Epperson confiscated plaintiff's pain medication, prescribed blanket, inserts and shoes.

/////

1

1	The April 24, 2006, motion concerns identical requests for production of
2	documents addressed to defendants Hibbit, Lynn and Jackson: "Any state or federal court of
3	California finding, decision, decrees, etc. regarding the defendants' violation of constitutional
4	rights of inmates housed at ("HDSP") within the last five years."
5	In their original responses to these requests, defendants objected but responded
6	without waiving objection that no such documents matching the description sought exist. In the
7	May 10, 2006, opposition, defendants argue that this request is vague and ambiguous, overly
8	broad and burdensome, assumes facts for which there is no supporting evidence, calls for
9	information that is not likely to lead to the discovery of admissible evidence, and calls for
10	information that is protected by the official information privilege.
11	The court cannot order defendants to produce documents that do not exist. The
12	motion to compel is denied on this ground. In addition, the description of the documents sought
13	by plaintiff is not entirely clear.[1] The motion to compel is denied on this ground as well.
14	In the supplemental motion to compel, plaintiff objects that defendants refused to
15	provide him with Operational Procedures # 101 and # 104 as well as post orders. Defendants
16	object that the information sought is confidential.
17	Operational Procedure # 101 (Administrative Segregation) contains specific
18	information regarding the escort of inmates, use of restraints, housing, emergency yard
19	procedures, and evacuation procedures. Declaration, M. Wright, defendants' opposition,
20	attachment 3. Operational Procedure 104 contains specific and detailed descriptions for
21	performing cell searches, general searches and random searches. Declaration of P. Cochrane,
22	defendants' opposition, attachment 3.

---

[1] The court does not agree that court orders demonstrating a violation of constitutional rights are necessarily not relevant to this action, or would constitute character evidence. Because state of mind is at issue in this Eighth Amendment case, prior acts of excessive violence, deliberate indifference and the like might well be relevant and otherwise admissible to show that defendants acted in conformance with that state of mind. This is not character evidence.

Case 2:04-cv-01317-MCE-GGH   Document 75   Filed 09/06/06   Page 3 of 5

According to defendants, if an inmate were to gain access to these operation procedures, it would seriously compromise the safety of the institution, staff and other inmates. Wright declaration, Cochrane declaration, defendants' opposition, attachment 3. An inmate in possession of an institution's operating procedures would be able to anticipate the times and places of movement within the institution. Id. This would greatly undermine the institution's ability to prevent escapes, assaults and other illegal activities. Id.

In federal question cases, privileges asserted in response to discovery requests are determined by federal law not the law of the forum state.[2] Fed. R. Evid. 501; United States v. Zolin, 491 U.S. 554, 562 (1989); Kerr v. United States District Court, 511 F.2d 192, 197 (9th Cir. 1975). Federal common law recognizes a qualified privilege for official information, also known as the governmental privilege, or state secret privilege. Kerr, 511 F.2d at 198. The application of the official information privilege is "contingent upon the competing interests of the requesting litigant and subject to disclosure especially where protective measures are taken." Id.

After reviewing the record, the court finds that defendants' asserted need for not disclosing Operational Procedures 101 and 104 outweighs plaintiff's need for this information. Disclosing this information to plaintiff would create significant and legitimate security concerns. Plaintiff's motion to compel as to these requests is denied.[3]

Plaintiff also seeks post orders for Facilities D-5 through D-8 in 2003, and post orders for administrative segregation in 2004. Post orders contain specific and detailed

---

[2] However, demonstration that state procedures were violated could be evidence in the Eighth Amendment analysis. However, the court has determined that the detriment of production outweighs its usefulness. This is not to say that state interests defining state privilege law are totally irrelevant to the analysis.

[3] In his reply to defendants' opposition, plaintiff states that defendants DeForest and Ratliff claim that they confiscated plaintiff's orthotic shoes pursuant to Operational Procedures 101 and 104. Plaintiff claims that he needs the operational procedures to prove that defendants were not following these procedures. The issue in this case is whether defendants violated the Eighth Amendment by confiscating plaintiff's shoes and not whether they violated Operational Procedures.

3

descriptions and staff responsibility of each post within the institution. Cochrane declaration re: post orders, defendants' opposition, attachment 3. Post orders also contain security information, such as a schedule of inmate counts, alarm response procedures and use of force policy. Id. The post orders detail the institutional emergency response procedures and protocols for specific incidents, such as escapes and assaults. Id.

According to defendants, if an inmate were to gain access to the institution's post orders for any position, it would seriously compromise the safety and security of the institution, staff and other inmates. Id. An inmate in possession of an institution's post orders would be able to anticipate institutional responses to certain events. Id. This would greatly undermine the institution's ability to prevent escapes, assaults and other illegal activities. Id.

After reviewing the record, the court finds that defendants' asserted need for not disclosing the post orders outweighs plaintiff's need for this information. Disclosing this information to plaintiff would create significant and legitimate security concerns. Plaintiff's motion to compel as to this request is denied.

Finally, plaintiff moves to compel defendants to produce all staff complaints filed against them within the past five years. Defendants object that this request is vague, ambiguous, overly broad, calls for information not relevant to this litigation nor likely to lead to the discovery of admissible evidence, calls for information protected by the privacy rights of other inmates and staff, and calls for confidential information.

In his reply to defendants' opposition, plaintiff states that he would be satisfied if defendants provided him with declarations stating how many staff complaints they received within the last five years and the nature of each staff complaint.

Plaintiff's request is overbroad in that not every staff complaint within the past five years is relevant to this action. An unsubstantiated complaint regarding an incident unrelated to any incident alleged in the instant action is not relevant nor would it lead to the

\\\\\

4

1 discovery of admissible information.  On this ground, the motion to compel as to this request is
2 denied.
3      Accordingly, IT IS HEREBY ORDERED that:
4      1.  Plaintiff's April 24, 2006, motion to compel is denied; and
5      2.  Plaintiff's May 1, 2006, supplemental motion to compel is denied.
6 DATED: 9/6/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
wash1317.com