IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSE WASHINGTON,

    Plaintiff,                    No. CIV S-04-1317 MCE GGH P

  vs.

J. FANNON, et al.,

    Defendants.               ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding to trial as to the following claims: 1) whether on June 30, 2003, defendant Kissinger used excessive force against plaintiff in violation of the Eighth Amendment; 2) whether on January 20, 2004, defendants Epperson and Ratliff refused to retrieve plaintiff's ibuprofen and cotton blanket in violation of the Eighth Amendment; 3) whether on August 25, 2003, defendants Kissinger, Hibbits and Jackson used excessive force against plaintiff in violation of the Eighth Amendment. At all relevant times, plaintiff was incarcerated at High Desert State Prison (HDSP) and defendants were employed at HDSP.

        Pending before the court is plaintiff's October 20, 2008, motion for a temporary restraining order. In this motion, plaintiff claims that prison officials at Mule Creek State Prison (MCSP) are harassing his witness inmate Turner. At trial, inmate Turner would testify that on

1

August 25, 2003, he heard plaintiff screaming in pain as the officers removed the triangle restraints.  See Plaintiff's November 19, 2007, supplemental pretrial statement.  In the pending motion, plaintiff requests that the court order prison officials at MCSP to stop harassing inmate Turner.

The court construes plaintiff's motion for injunctive relief as a motion for a protective order.  Clearly, none of the requests addressed in plaintiff's motion seek dispositive relief on the  merits of the complaint.  The motions are addressed to procedures that the parties must utilize in litigating this case.  See United States v. Flaherty, 666 F.2d 566, 586 (1st Cir. 1981): "A pretrial matter within the magistrate's jurisdiction would thus seem to be a matter unconnected to issues litigated at trial and not defined with respect to the time of trial."  Neither do the rulings herein involve injunctive relief.

As in nearly all rulings of magistrate judges pursuant to 28 U.S.C. § 636(b)(1)(A), parties are told to do something or not do something.  For example, in typical discovery motions, parties are compelled to answer interrogatories, answer a question or produce a document despite a claim of privilege, attend a deposition at a certain tine or place, be compelled to undergo a medical examination,  pay costs associated with discovery in a cost-shifting sense.  No one would think of asserting that such non-dispositive orders are invalid because they command or disallow a certain activity.  Therefore, the fact that parties are directed in their activities by a magistrate judge, cannot, without more, transform the matter at hand into an "injunctive" relief situation governed by § 636(b)(1)(B).  See e.g., Grimes v. City and County of San Francisco, 951 F.2d 236 (9th Cir. 1991) (magistrate judge may compel a party to pay prospective sanctions of $500.00 per day during period for non-compliance with discovery orders); Rockwell Int. Inc. V. Pos-A-Traction Indus., 712 F.2d 1324, 1325 (9th Cir. 1983) (magistrate judge had jurisdiction to order witnesses to answer questions); United States v. Bogard, 846 F.,2d 563, 567 (9th Cir. 1988) superseded by rule on unrelated matter, Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1174 (9th Cir. 1996) (magistrate judge may deny requests to see jury selection materials); New York v.

United States Metals Roofing Co., 771 F.2d 796 (3rd Cir. 1985) (magistrate judge may prevent a party from releasing discovery information to the public; specifically held not to be an injunction beyond the authority of a magistrate judge); Affelt v. Carr, 628 F. Supp. 1097, 1101 (N.D. Oh. 1985) (issuance of gag orders and disqualification of counsel are duties permitted to a magistrate judge.). It is only where the relief sought goes to the merits of plaintiff's actions or to complete stays of an action are orders under § 636(b)(1)((A) precluded. See e.g. Reynaga v. Camisa, 971 F.2d 414 (9th Cir. 1992); compare United States Metals etc., 771 F.2d at 801 (orders which restrain or direct the conduct of the parties are not to be characterized as an appealable injunction beyond the authority of the magistrate judge unless the restraint goes to the merits of the action). In other words, a motion for injunctive relief must relate to the allegations in the complaint. If there is no relation, it is not an injunctive relief situation. A party seeking preliminary injunctive relief "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir.1994). In other words, Plaintiff must seek injunctive relief related to the merits of his underlying claim.

Moreover, the rule that governs interlocutory injunctions, Fed. R. Civ. P. 65, also indicates that the matters at issue have to be encompassed by the complaint, e.g., provision which allows the hearing on preliminary injunction to be accelerated into a trial on the merits, preserving the right to jury trial if otherwise appropriate, making evidence received at the hearing on preliminary injunction admissible at trial. None of the provisions would make sense if disputes outside the complaint, and on which no trial by definition will be had, could be considered as proceedings for injunctions. In addition, the standards for granting injunctions are much different than the standards applicable to protective orders. Applying established standards on the need to grant an injunction only in extraordinary circumstances, absence of legal remedy, balance of hardships, irreparable harm, and so forth are foreign to resolution of discovery and other procedural disputes which crop up in the course of a litigation.

1      For the reasons discussed above, this matter may be handled by court order.

2      On November 12, 2008, the court ordered inmate Turner to file a declaration describing who has threatened him, what was said and when. On November 18, 2008, inmate Turner filed a letter with the court. In this letter, inmate Turner states that on May 17, 2008, Correctional Officer Machado told him that he did not want a police rat on his yard. Inmate Turner also states that on July 2, 2008, Correctional Office Kaiser told him, "you dreamin' about testifying against the correctional officers. That's why your punk ass scared to take a celly." Inmate Turner states that on July 13, 2008, Correctional Officer Gruewald approached his cell and said, "We are going to get you, you punk ass rat." On September 22, 2008, Correctional Officer Ochoa allegedly told inmate Turner that he would be killed before trial if he planned to testify against the Green Wall. Finally, inmate Turner claims that on November 7, 2008, he told Captain Kaplan that he was afraid to be released to the general population because of the Green Wall. Captain Kaplan told him, "say dog, you gotta go, you gotta go, go now!"

Inmate Turner does not assert that he will not testify in this action because of any alleged harassment. The court has determined that inmate Turner's claims of retaliation for being a witness in this lawsuit are better raised in a separate civil rights action filed by inmate Turner in which he has access to injunctive relief mechanisms. His claims involve prison officials who are not defendants in this action and who are not located at the prison where plaintiff's claims arose. A court with jurisdiction over Turner and the allegedly culpable defendants is better able to address Turner's claims in a separate civil rights action.

////
////
////
////
////
////

4

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's October 20, 2008, motion for a temporary restraining order (no. 200), construed as a motion for protective order, is denied;

2. The Clerk of the Court is directed to also serve a copy of this order on Bryant Turner, # T-79508, Mule Creek State Prison, 4001 Highway 104, P.O. Box 409099, Ione, California, 95640.

DATED: November 25, 2008            /s/ Gregory G. Hollows

wash1317.po                                         UNITED STATES MAGISTRATE JUDGE