IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE WASHINGTON,<br><br>            Plaintiff,<br><br>     vs.<br><br>J. FANNON, et al.,<br><br>            Defendant.<br>_____/ | No. 2:04-cv-01317 MCE GGH P<br><br><br><br>ORDER |

    Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action is set for trial on September 28, 2009. Pending before the court is defendants' April 28, 2009, motion to dismiss misjoined defendants and to sever claims. For the following reasons, this motion is denied.

    Plaintiff filed the original complaint in this action on July 9, 2004. On December 1, 2004, defendants filed a motion to dismiss for failure to exhaust administrative remedies and for failure to state a claim. On August 25, 2005, defendants' motion was granted in part and denied in part. On September 14, 2005, defendants filed an answer. On January 20, 2006, the court issued a scheduling order. On September 1, 2006, defendants filed a summary judgment motion.

///

On August 8, 2007, defendants' summary judgment motion was granted in part and denied in part. The following claims remain for trial: 1) on June 30, 2003, defendant Kissinger used excessive force against plaintiff; 2) on January 20, 2004, defendants Epperson and Ratliff refused to retrieve plaintiff's Ibuprofen and cotton blanket; and 3) on August 25, 2003, defendants Kissinger, Hibbits and Jackson used excessive force against plaintiff.

On August 13, 2007, the court issued an order setting the jury trial for December 3, 2007. Since then, the time for the jury trial has been re-set several times. As set forth above, the trial is now set to begin on September 28, 2009.

In the pending motion, defendants argue that this action should go to trial only as to the June 30, 2003, excessive force claim. Pursuant to Fed. R. Civ. P. 20 and 21, defendants argue that the court should dismiss and sever the remaining claims and defendants. Defendants contend that the claims regarding the January 20, 2004, and August 25, 2003, incidents do not arise out of the same transaction or occurrence as the June 30, 2003, incident. Defendants also argue that the January 20, 2004, and August 25, 2003, incidents do not have questions of law or fact in common with the June 30, 2003, claim. Defendants argue that they will be prejudiced if forced to defend all three incidents in one trial.

Defendants first appeared in this action approximately 4 ½ years ago. Neither their motion to dismiss, summary judgment motion nor their pretrial statement argued that the claims were improperly joined. By filing their motion at this late stage of the case, defendants have not done their duty to move this case forward in an efficient manner. Granting the motion at this time would prejudice the court by, in effect, requiring it to process two new cases based on incidents occurring 5 and 6 years ago. For these reasons, defendants' motion is denied.

///
///
///
///

1   Accordingly, IT IS HEREBY ORDERED that defendants' April 28, 2009, motion to
2  dismiss (No. 237) is denied.

 Dated: August 4, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE